IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

CHERYL SNEED,

        Plaintiff,

v.                                      CIVIL ACTION NO. 3:06-0737

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

**MEMORANDUM ORDER**

In this action, filed under the provisions of 42 U.S.C. § 405(g), plaintiff seeks review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff filed her application for disability insurance benefits on February 9, 2004, alleging disability commencing January 19, 2004, as a consequence of anxiety, panic attacks, headaches and hearing voices. On appeal from an initial and reconsidered denial, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was fifty years of age and had completed the 10th grade. Her past relevant employment experience consisted of work as a crew leader/food

preparer and laundry presser. In his decision, the administrative law judge found that plaintiff suffered from major depressive disorder with psychotic features and anxiety disorder/panic attacks, impairments which he considered severe. Though concluding that plaintiff was unable to perform her past work,[1] the administrative law judge determined that she had the residual functional capacity for a limited range of medium level work. On the basis of this finding, and relying on Rule 203.18 of the medical-vocational guidelines[2] and the testimony of a vocational expert, he found plaintiff not disabled.

From a review of the record, it is apparent that substantial evidence supports the Commissioner's decision. The evidence addresses only mental problems and reflects that plaintiff's treatment has all been at the Prestera Center beginning on January 29, 2004. Her diagnosis has consistently been listed as major depressive disorder, severe, with psychotic features,[3] panic or anxiety disorder with agoraphobia and rule out post traumatic stress disorder. She has received medication, psychotherapy and was an inpatient in Prestera's Crisis Residential Unit for eight days in August 2004. After release she was in the partial hospitalization program where she reported to Prestera daily for six months. Her discharge was in March 2005. Indications are that this therapy helped plaintiff significantly. On January 31 and February 14, 2005, a psychologist at Prestera evaluated plaintiff and administered the MMPI-II personality test. On mental status evaluation,

---

[1]This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[2]20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 3.

[3]This portion of the diagnosis is related to plaintiff's experiencing auditory hallucinations in the form of a man's voice which she claims tells her that people are staring at her and makes her fearful to go out in public.

plaintiff was friendly and interacted "easily" with appropriate mood and affect and normal immediate and remote memory. This therapist noted that in group therapy plaintiff was very helpful, showed concern for others in the group, spoke frequently and was usually cheerful unless she physically did not feel well. The therapist described plaintiff as "interact[ing] well with others." Also, she rated plaintiff's Global Assessment of Functioning ("GAF") at sixty, on the borderline between moderate and mild symptoms or moderate to mild difficulty in social, occupational or school functioning.[4]

The results of the MMPI-II testing were interpreted as consistent with very significant symptoms; however, the treatment notes from Prestera, in addition to the observations of the administering psychologist, do not support this. Her therapist commented on March 14, 2005 that plaintiff appeared "significantly more stable," although she still experienced anxiety, depression and continuing auditory hallucinations. By March 30, however, it was noted plaintiff was getting out more and traveling to appointments to have medical testing. On April 12, 2005, plaintiff expressed happiness and increased confidence that she had kept all of her medical appointments. She did not even want to discuss the auditory hallucinations at this visit which appears to be the most recent evidence from Prestera.

Lisa Tate, MA, performed psychological evaluations for the Commissioner on March 15, 2004 and November 21, 2005. Her observations at the latter visit are not significantly different from those at the earlier time. After documenting a depressed mood, mildly restricted and tearful affect, markedly deficient judgment,[5] moderately limited recent memory and mildly deficient concentration,

---

[4] Moderate symptoms are rated from fifty-one to sixty, and mild symptoms from sixty-one to seventy. See Diagnostic and Statistical Manual of Mental Disorders, 4th Edition, American Psychiatric Association, 1994 at 32.

[5] At the earlier evaluation, plaintiff's judgment was found to be normal.

3

Ms. Tate diagnosed major depressive disorder, recurrent, with psychotic features, anxiety disorder NOS with features of agoraphobia, and alcohol abuse, in full remission. Her assessment of mental residual functional capacity reflected moderate limitations only with regard to handling detailed instructions and responding to changes in the work setting and to work pressures. She rated plaintiff's limitation in the remainder of the categories as either "slight" or "none" except in the area of making judgments on simple work-related decisions where she assessed a marked limitation.[6]

The administrative law judge consulted a medical expert, Stuart Gitlow, MD, to aid in determining what limitations plaintiff would experience as a result of her conditions. Dr. Gitlow considered the entirety of the record and on February 24, 2006 assessed plaintiff as having "fair" ability (limited but satisfactory) or better in all areas of mental functioning.

The administrative law judge's mental assessment was much more restrictive as he found plaintiff moderately limited in ability to handle detailed instructions; maintain attention and concentration; perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances; work in coordination with, or proximity to, others without being distracted by them; complete a normal workday and workweek without interruption from psychological symptoms and perform at a consistent pace; interact appropriately with the general public; accept instructions and respond appropriately to criticism from supervisors; and travel in unfamiliar places or use public transportation. He also concluded that plaintiff was able to follow routine, repetitive work activities in a low stress setting.

---

[6]According to her report, Ms. Tate based this rating on plaintiff's response to one question relative to what she would do if she found an addressed envelope on the street. Plaintiff answered this question "correctly" during the earlier evaluation, as noted.

Plaintiff contends that administrative law judge did not consider her treating physician's statements which were part of a "Routine Abstract Form" completed for the Disability Determination Service by a physician at Prestera on October 5, 2004. The form reflects findings from the most recent mental status exam as of that time, which was on October 5, and there is an assessment of some of plaintiff's capabilities. The only areas in the assessment considered more than mildly limited were social functioning (moderately limited) and concentration (also moderately limited). While neither the assessment nor the exam report reflected severe symptoms or limitations, the psychiatrist concluded plaintiff had "poor" social interaction and was unable to maintain or start a job at that time due to her anxiety and depression.

As the Commissioner observes in his brief, the administrative law judge made note of this evidence in his decision and clearly considered it. Ultimately he found plaintiff had moderate limitation in social functioning and maintaining attention and concentration. He was not, however, bound by the psychiatrist's comments as to ability to work for a couple of reasons. First, this determination is specifically for the administrative law judge to make.[7] Second, a treating physician's opinion will be given controlling weight only where it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record ... ."[8] Here, the remainder of the evidence, including a number of more recent reports from Prestera, reveals a decrease in symptoms and an increase in plaintiff's ability to function outside her home. Plaintiff's argument in this regard is without merit.

---

[7]See, 20 C.F.R. § 404.1527(e)(1).

[8]20 C.F.R. § 404.1527(d)(2); Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996).

It being apparent that substantial evidence supports the administrative law judge's findings as to plaintiff's impairments, residual functional capacity and ability to perform medium, light and sedentary jobs in the national economy, the decision of the Commissioner must be affirmed.

On the basis of the foregoing, it is **ORDERED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted, and the decision of the Commissioner affirmed. All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER: June 29, 2009

/s/ Maurice S. Taylor, Jr.
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE